IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID WESLEY BIRRELL,

      Plaintiff,                       No. CIV S-04-1576 DFL EFB P

      vs.

JOSEPH BICK, et al.,

      Defendants.           <u>ORDER</u>

_____/

      Plaintiff is a prisoner without counsel seeking relief for civil rights violations. *See* 42 U.S.C. § 1983.

      On August 17, 2005, the court ordered the United States Marshal to serve process upon defendant Hollis. The Marshal was directed to attempt to secure a waiver of service before personally serving the defendant. However, if a waiver of service was not returned within 60 days, the Marshal was directed to (1) personally serve defendant without prepayment of costs under Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c); and (2) file the return of service with evidence of attempts to secure a waiver and costs subsequently incurred in effecting personal service.

      On March 21, 2006, the United States Marshal filed a return of service with a USM-285 form showing total charges of $198.30 for personally serving defendant Hollis. The form shows

that the Marshal mailed Hollis a waiver of service form on September 8, 2005. It was forwarded to a new address on October 11, 2005, and on February 2, 2006, there was no response. Accordingly, it was referred for personal service.

Rule 4 of the Federal Rules of Civil Procedure provides, in pertinent part:

> An individual, corporation, or association that is subject to service under subdivision (e), (f), or (h) and that receives notice of an action in the manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons . . . .
>
> If a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown.

Fed. R. Civ. P. 4(d)(2).

The court finds defendant Hollis was given the opportunity required by Rule 4(d)(2) to waive service but failed to do so.

Accordingly, the court hereby orders that:

1. Within 14 days from the date of service of this order, defendant Hollis shall pay to the United States Marshal the sum of $198.30, unless within that time defendant files a written statement showing good cause for his failure to waive service. The court does not intend to extend this 14-day period.

2. The Clerk of the Court shall serve a copy of this order on the U.S. Marshal.

Dated: October 17, 2006.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2